## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| JAMES M. | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | )   CAUSE NO.: 1:22-CV-401-JVB |
| | ) |
| MARTIN O'MALLEY, Commissioner | ) |
| of the Social Security Administration, | ) |
|       Defendant. | ) |

## OPINION AND ORDER

Plaintiff James M. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency. For the reasons below, the Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's February 20, 2012 application for benefits, he alleged that he became disabled on August 8, 2011. After a February 19, 2014 hearing, an Administrative Law Judge (ALJ) found that Plaintiff was not disabled, which became the final decision of the Commissioner. (AR 1, 35). On April 21, 2017, Magistrate Judge Susan Collins of this court reversed that decision, finding that the ALJ failed to properly consider Plaintiff's mental impairments and instructing the ALJ on remand to also address the evidence of Plaintiff's obesity. (AR 561, 566).

A second administrative hearing before an ALJ was held on November 20, 2017, after which the ALJ found that Plaintiff was not disabled. (AR 596). The Appeals Council granted review and remanded the case for further proceedings and instructed the ALJ to "[c]onsider the claimant's anxiety and depression at step two and explain how the claimant's mental impairments

were considered in formulating the claimant's [residual functional capacity] in accordance with Social Security Ruling 96-8p." (AR 607).

A third administrative hearing before an ALJ was held on May 12, 2021, and the ALJ issued her decision on June 3, 2021. In that decision, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, status post fusion of the cervical spine, obesity, and depression. (AR 428). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to:

> perform light work . . . except he can occasionally climb ramps, stairs, ladder, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally use foot controls bilaterally. He can tolerate occasional slippery or uneven surfaces. The claimant is capable of simple and routine tasks. He is capable of occasional decision making and managing occasional changes in the work setting. The work should be performed at a variable pace involving only end of the day production requirements with no other periodic or hourly production quotas.

(AR 430). The ALJ determined that Plaintiff could not perform his past relevant work but was able to perform the job requirements of the representative occupations of marker, routing clerk, and router. (AR 435-36). Accordingly, the ALJ found Plaintiff to not be disabled from August 8, 2011, through December 31, 2015, which is the date Plaintiff last met the insured status requirements of the Social Security Act. (AR 436). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d

953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is found to be not disabled. *Id.* § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred because her decision is not supported by substantial evidence. The Court finds this argument well-taken regarding the ALJ's interpretation of medical imaging evidence and remands this matter to the agency on that basis.

"Common sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990). Accordingly, "[a]n ALJ may not conclude, without medical input, that a claimant's most recent MRI results are 'consistent' with the ALJ's conclusions about [his] impairments." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (citing *Akin v. Berryhill,* 887 F.3d 314, 317-18 (7th Cir. 2018)). However, an ALJ is "not required

to seek an updated opinion on an impairment that [has] not worsened" since medical opinions were given. *Baptist v. Kijakazi*, 74 F.4th 437, 442-43 (7th Cir. 2023).

As the ALJ noted, Plaintiff testified that he "can do things in 20 to 30 minutes [*sic*] increments before he needs to sit down and rest" and "he spends approximately six hours out of eight reclining or lying down to rest." (AR 431). The ALJ decided that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 431). She clarified that "treatment records show that although the claimant had some limitations from [his] impairments, these limitations are not disabling. *Id.* The "light work" that the ALJ found Plaintiff able to perform requires standing or walking up to approximately 6 hours in an 8-hour workday. Social Security Ruling 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983)*.

The ALJ noted that a May 2013 lumbar spine MRI revealed mild degenerative changes and a June 2015 lumbar spine MRI showed right sacroiliitus and adjacent osteomyelitis and myositis. (AR 431-32). It appears that the 2015 MRI indicated more degenerative changes than the 2013 MRI. For example, the 2013 MRI had *mild* foraminal stenosis and mild disc dehydration at L2-3, and the 2015 MRI had *moderate* left foraminal stenosis and some disc desiccation and height loss at the same spinal location. *Id.*; (AR 1113, 1122).

The ALJ's summary of the MRI findings in not contested. That is, Plaintiff does not assert that the ALJ misreported the MRI findings. Plaintiff's dispute regarding this evidence instead lies with the ALJ interpreting the 2015 MRI imaging findings and concluding that they are consistent with the RFC determination and not consistent with Plaintiff's statements regarding his symptoms.

Here, the ALJ must have impermissibly relied on her own interpretation of the medical significance of the 2015 MRI since all of the medical opinions of record regarding Plaintiff's

physical impairments were given before the June 2015 MRI imaging. *See* (AR 79-82 (medical expert testimony at 2014 hearing) 350-57 (July 2012 RFC assessment by agency doctor), 412 (short note from 2013 from Plaintiff's treating physician). Plaintiff has a degenerative condition and the imaging revealed changes from 2013 to 2015. This is not akin to *Baptist*, where the claimant's condition had "no new issues" after the claimant underwent and recovered from a medical procedure. 74 F.4th at 442.

The Commissioner also points the Court to *Bakke v. Kijakazi*, where the Seventh Circuit upheld the denial of benefits even though reviewing physician opinions (that were relied upon) were made without the benefit of updated CT scan results. 62 F.4th 1061 (7th Cir. 2023). In *Bakke*, two doctors who had reviewed the new imaging did not find the imaging concerning and did not note any significant impact on Bakke's functional capacity. *Id.* at 1067. The doctors' reactions to updated imaging included not increasing pain medication, reassuring the patient that there was no evidence of complications from the surgery and indicating that improvement had occurred as a result of the surgery. *Id.*

In the instant matter, the Commissioner identifies only the records of a rheumatologist who reviewed the 2015 imaging. (Resp. at 7, ECF No. 20). The Commissioner concedes that "the treatment notes on this point are difficult to read" but indicate that the MRI showed sacroiliitis and that Plaintiff received an injection. *Id.* (citing AR 1035). The rheumatologist noted that mechanical pain as the etiology for Plaintiff's back pain could not be excluded. (AR 1035). In short (and unlike in *Bakke*), the rheumatologist was not indicating that Plaintiff was complication-free or had improved after treatment, and the rheumatologist was still seeking the cause of Plaintiff's back pain and providing treatment for it. This situation is distinct from *Bakke*, and the rheumatologist's

notes do not provide a scenario in which the ALJ was permitted to ignore the 2015 MRI or interpret it herself.

Similarly, the Court finds unpersuasive the Commissioner's argument based on *Durham v. Kijakazi*, 53 F.4th 1089 (7th Cir. 2022). In *Durham*, the ALJ relied on Durham's own treating physician's opinions in determining the RFC. *Id.* at 1090. Durham's treating cardiologist specifically indicated no cardiac instability, "no acute problems," and "no functional limitations" after the imaging at issue. *Id.* at 1096. The Seventh Circuit affirmed the ALJ's decision, which gave some weight to the opinions of reviewing physicians who had not seen some medical records of tachycardia.

The Commissioner points to no analogous indications in the record here. Instead, he identifies treatment records regarding a visit for the removal of a mole from Plaintiff's back and a "bump" from his hand/wrist, (AR 1004-05), and hypertension follow-up visits (AR 1007-08, 1059-60). These records reflect matters other than Plaintiff's back pain because the visits were not made to address that pain. The Court does note, however, that Plaintiff had back pain or limb pain at all three appointments. (AR 1004, 1007, 1059). Without a statement from Plaintiff's physician that Plaintiff had no problems or functional limitations with his back, *Durham* is inapposite here.

Given the degree of limitations Plaintiff alleged due to his back pain, the degenerative changes to his spine reflected in the 2015 MRI are new and potentially decisive findings that should have been submitted to medical scrutiny. *See McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018). Instead of properly seeking a medical professional's opinion, the ALJ "played doctor" and interpreted the MRI results herself. *See Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014). This is reversible error. *See Akin*, 887 F.3d at 318.

In the interest of judicial economy and noting the need for remand, the Court declines to address Plaintiff's remaining arguments.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of the Request for Review [DE 13], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter to the agency for further administrative proceedings.

SO ORDERED on February 22, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT