UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES M. )<br>          Plaintiff,           )<br>                                          )<br>v.                                       )<br>                                          )<br>MARTIN O'MALLEY, Commissioner )<br>of the Social Security Administration, )<br>          Defendant.          ) | CAUSE NO.: 1:22-CV-401-JVB |

## OPINION AND ORDER

This matter is before the Court on a Petition for Attorney Fees Under the Equal Access to Justice Act [DE 27] filed on May 22, 2024. The Commissioner filed a response in opposition to the request on June 20, 2024, to which Plaintiff replied on June 27, 2024.

### BACKGROUND

Plaintiff initiated this lawsuit on November 10, 2022, asking the Court to reverse the Commissioner's decision to deny his application for disability insurance benefits. After the matter was fully briefed, the Court granted Plaintiff's request on February 22, 2024, finding that the Administrative Law Judge (ALJ) had impermissibly interpreted medical imaging evidence.

Turning to the petition for attorney fees now before the Court, Plaintiff asserts in his brief that his EAJA petition is timely, that he is an eligible and prevailing party under the EAJA, that the Commissioner's position was not substantially justified, that no special circumstances make an award unjust, and that the number of hours and the hourly rate sought by his counsel are reasonable. In response, the Commissioner only challenges the assertion that his position was not substantially justified.

**STANDARD**

Under the Equal Access to Justice Act (EAJA), "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b). The award is to be made to prevailing parties other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A).

The elements of a successful request for EAJA fees are: "(1) the claimant is a prevailing party; (2) the government was not substantially justified; (3) no special circumstances make an award unjust; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004) (internal quotation marks omitted) (citing 28 U.S.C. § 2412(d)(1)(A), (B); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000)).

The Commissioner bears the burden to show that his position was substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). "A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Id.* Stated another way, a position is substantially justified "if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).

**ANALYSIS**

Plaintiff's social security appeal was decided on the ALJ's consideration of MRI imaging taken in 2015. The ALJ found that Plaintiff had, among other severe impairments, degenerative disc disease of the lumbar spine. (AR 428). Though Plaintiff testified at his administrative hearing

that he could "do things in 20 to 30 minutes increments before he needs to sit down and rest," (AR 431), the ALJ found that he could "perform light work," (AR 430). "Light work" involves walking up to about 6 hours in an 8-hour workday. Social Security Ruling 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

In her decision, the ALJ reported the MRI imaging findings from both 2013 and 2015. (AR 431-32). Though some medical opinions in the administrative record were given after the 2013 MRI, no medical opinions were given after the 2015 MRI. It is true that updated medical opinions are not needed to address updated imaging that does not reveal a worsened condition. *Baptist v. Kijakazi*, 74 F.4th 437, 442-43 (7th Cir. 2023). The Court noted, however, that some degeneration appeared to have occurred between 2013 and 2015, such as a change from mild foraminal stenosis to moderate foraminal stenosis at L2-3 of Plaintiff's spine.

In the Commissioner's view, there is room for reasonable minds to disagree whether the ALJ was correct in determining that no new medical opinion evidence was needed. This argument, by extension, also defends the Appeals Council's decision to deny review and the position the Commissioner took in this litigation. The Commissioner contends that "[a]t base, an ALJ is charged with deciding in the first instance whether a test changes the picture such that an updated medical opinion should be sought." (EAJA Resp. at 5, ECF No. 31). Citing *Bakke v. Kijakazi*, 62 F.4th 1061, 1066-67 (7th Cir. 2023), the Commissioner notes the Seventh Circuit's explanation that "new, significant medical diagnoses" trigger the ALJ's need to obtain new medical opinion evidence.

In defending the ALJ's decision, the Commissioner argued that, as in *Bakke*, medical records that post-date Plaintiff's 2015 MRI "demonstrate that despite some changes to the diagnostic imaging, Plaintiff's condition and treatment remained largely stable." (Resp. at 8, ECF

No. 20). The Court ultimately found this argument unpersuasive because the medical visits at issue were for purposes other than treatment of Plaintiff's spinal issues.

Still, on review of this petition for EAJA fees, the Court finds that there is a reasonable basis in fact and law for the Commissioner's position as well as a reasonable connection between the facts and the legal theory. The basis in fact is the similarity between the 2013 and 2015 MRIs and the medical records post-dating the 2015 imaging. The basis in law is that *Bakke* suggests that only "significant" changes in diagnostic imaging require updated medical opinions, thereby leaving the ALJ with the judgment call regarding whether changes in imaging are significant. Here, there is a reasonable connection between the facts and legal theory, as the imaging and post-imaging medical records could be seen to support the ALJ's decision that the changes were not significant and that no new medical opinion evidence was needed.

Though these arguments did not persuade the Court on the merits of the request for reversal and remand, the Court finds that reasonable people could differ as to the appropriateness of the ALJ's decision to not obtain new medical opinion evidence for the 2015 MRI. Accordingly, the Commissioner's position was substantially justified and fees under EAJA will not be awarded.

## CONCLUSION

Based on the above, the Court hereby **DENIES** the Petition for Attorney Fees Under the Equal Access to Justice Act [DE 27].

SO ORDERED on July 19, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT